UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Allstate Insurance Company** | ) | **CASE NO. 1:14 CV 208** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Electrolux Home Products, Inc., et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon Defendant's Motion to Transfer Venue (Doc. 11). This is a products liability case. For the reasons set forth below, defendant's motion is GRANTED.

### Facts

Plaintiff Allstate Insurance Company ("Allstate") is a Virginia corporation with its principal place of business in Illinois. Defendant Electrolux Home Products, Inc. ("Electrolux") is a Delaware corporation, who until recently had its principal place of business in Cleveland, Ohio and now has its principal place of business in Charlotte, North Carolina.

Allstate issued an insurance policy to Roosevelt Edwards for a property located at 2110

1

Rittenmore Drive in Missouri City, Texas. Mr. Edwards owned a Frigidaire brand electric free standing dryer, which was manufactured by Electrolux in May 2003. On September 26, 2010, the dryer caused a fire at the property. Pursuant to its policy with Mr. Edwards, Allstate made payments for the damages caused by the fire. In accordance with the policy, Allstate is now subrogated to any rights of recovery of Mr. Edwards.

Allstate thereafter filed suit against Elextrolux and John Does (1-10) who were engaged in the design, manufacture, assembly, distribution, and selling of dryers and maintenance of dryers and associated duct work in the United States.

This matter is now before the Court upon Elextrolux's motion to transfer the case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), which plaintiff opposes.

**Discussion**

28 U.S.C. § 1404(a) provides in regard to a change of venue that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The movant has the burden of demonstrating that a transfer is appropriate. *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Insurance Co.,* 8 F. Supp. 2d 1008, 1010 (N.D. Ohio 1998).

"In ruling on a motion to transfer under [28 U.S.C.] § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice." *Cherokee Export Co. v. Chrysler International Corp.,* 142 F.3d 432 at *2 (6th Cir. Feb.2 1998) (citing *Moses v. Business Card*

*Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991), quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). "The court is also called upon to 'weigh a number of other case specific factors.'" *Cherokee,* at *2, citing *Stewart,* 487 U.S. at 29. These factors include:

> the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; [and] the practical problems associated with trying the case most expeditiously and inexpensively. In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.

*Id.* (citing *International Car Show Ass'n v. ASCAP,* 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)). *See also Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 537 (6th Cir. 2002). "[F]or a court to properly grant transfer, the balance of all relevant factors must weigh strongly in favor of transfer." *Bacik v. Peek,* 888 F. Supp. 1405, 1414 (N.D. Ohio 1993).

As an initial matter, plaintiff does not dispute that this suit could have been brought in the Southern District of Texas. Accordingly, § 1404(a)'s requirement that a civil action may only be transferred "to any other district or division where it might have been brought" has been met.

Having determined that this requirement is met, the Court must now consider the various factors outlined by the Sixth Circuit in analyzing defendant's request for a transfer of venue. For the following reasons, the Court finds that a transfer is warranted in this case.

### 1. Plaintiff's Choice of Forum

Plaintiff argues that its choice of forum should be given great or substantial weight. Defendant maintains that plaintiff's choice should be given less weight where plaintiff has little or no connection to the chosen forum.

A plaintiff's choice of forum is given little weight "'where none of the conduct

complained of occurred in the forum selected by the plaintiff.'" *Keybanc Capital Markets v. Alpine Biomed Corp.*, No. 1:07 CV 1227, 2008 U.S. Dist. LEXIS 23965, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008) (quoting *Edmison v. Vision Inv. & Dev., LLC*, No. 1:06 CV 1108, 2006 U.S. Dist. LEXIS 93083, 2006 WL 3825149, at *5 (N.D. Ohio Dec. 26, 2006)).  While plaintiff has argued that its choice of forum should be given substantial weight, plaintiff's citation to *Wax v. Stein World, L.L.C.* is unpersuasive. 1:07CV3253, 2008 WL 2227350 (N.D. Ohio May 2, 2008) *report and recommendation adopted*, 1:07 CV 3253, 2008 WL 2227347 (N.D. Ohio May 27, 2008).  In that case, plaintiff was an Ohio resident. *Id.* at *1.  And there, the court found that the conduct complained of had occurred in Ohio because the plaintiff had worked out of his home. *Id.* at *4.  In contrast, in this case the fire that Allstate had insured against took place in Texas, and Allstate is a Virginia corporation with its principal place of business in Illinois.  Plaintiff has little connection with Ohio. Consequently, its choice of forum will be given little weight.

**2. Balance of Conveniences**

Defendant argues that all witnesses with potential knowledge of the fire are located in Texas.  It is burdensome for them to travel to Ohio and they are outside the subpoena power of this Court.

Plaintiff argues that it is not necessary to bring this action in Texas.  The dryer is currently located in Massachusetts where it underwent testing.  The most important witnesses for this case will be experts, and these experts are not in Texas.  Plaintiff points to several other cases that have been brought against defendant in this district and notes that in those cases, the out-of-state witnesses were deposed via videolink.

After review, the Court finds that the balance of conveniences weighs in favor of transferring this case to Texas. Plaintiff fails to point to any witness, expert or otherwise, or document actually in Ohio. Plaintiff's citation to other cases brought against defendant in this district is inapposite. Defendant is not challenging personal jurisdiction in the Northern District of Ohio but rather venue. The fact that defendant did not challenge venue or personal jurisdiction in other cases in this district does not mean that venue is appropriate in this case. Defendant, and defendant alone, has pointed to specific witnesses who are located in Texas. As such, the Court finds the balance of conveniences weighs in favor of transferring the case.

**3. Interests of Justice**

Defendant argues that there is an important public interest in having controversies adjudicated locally. The administrative burdens of handling a case, as well as service on a jury, should fall upon those in a community with a connection to the litigation. Moreover, it is appropriate to hold a trial in a court most familiar with the governing law.

Plaintiff argues that Ohio has an interest in the case because defendant maintains an office in Ohio and does business here. And while the fire occurred in Texas, defendant's products are sold nationally.

The Court finds that this factor weighs in favor of defendant. Plaintiff asserts rights as the subrogee of a Texan for a fire that occurred in Texas. That community is the one most affected by this litigation and the burdens of resolving it should lie there. This case presumably arises under Texas law, which a court in the Southern District of Texas will be more familiar with than this Court that sits in the Northern District of Ohio.

After reviewing the factors in this case, the Court concludes that they weigh in favor of a

transfer to the Southern District of Texas. Against the slight weight given to plaintiff's choice of forum stands the convenience to the witnesses and the interests of justice.

### Conclusion

Based on the foregoing, the Court finds that the balance of the relevant factors strongly weigh in favor of transfer. Consequently, Defendant's Motion to Transfer Venue is GRANTED. This case is transferred to the Southern District of Texas.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 8/19/14